UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JERRY N. JONES, MARY FRANCES JONES, )
and OLGA MENYHART, )
)
Plaintiffs, )
)
vs. ) 04 C 8305
)
HARRIS ASSOCIATES, L.P., )
)
Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of Defendant Harris Associates, L.P. ("Harris"), to dismiss the complaint of Plaintiffs Jerry Jones, Mary Jones, and Olga Menyhart pursuant to Fed. R. Civ. Proc. 12(b)(6) for failure to state a claim. For the reasons set forth herein, the motion is denied.

## BACKGROUND

The following factual recitation is derived from the allegations of the complaint, which we must accept as true for purposes of this motion. Plaintiffs are shareholders in four open-end registered investment companies managed by Harris: the Oakmark Fund, the Oakmark Equity and Income Fund, the Oakmark Global Fund, and the

Oakmark International Fund ("the funds"), which in turn are part of a larger group of funds ("the fund complex"). Harris provides investment advisory services and administrative services for the fund complex. For the first service, each fund pays Harris a fee that is based upon a percentage of the net assets of the fund. The administrative services are subject to a separate fee.

According to the complaint, Harris exacts fees from the funds that are much higher than the fees charged to other clients for the same services. Plaintiffs contend that this breaches the fiduciary duty imposed on Harris with respect to the compensation they receive from the fund complex, in violation of 18 U.S.C. § 80a-35(b). In 2003, the Plaintiffs state, the fund complex paid approximately $104.8 million more than it paid in 1993 for the same services from Harris, an almost 43-fold increase. According to Plaintiffs, Harris charges lower fees to other clients for services identical to those rendered to the funds. Plaintiffs also claim that technological improvements within the industry and savings from economies of scale allow Harris to render the services in question at a significantly lower cost than was previously possible, making the gap between the value of Harris's services and the price paid by the fund complex even greater. Finally, the complaint contains allegations regarding the mutual fund industry as a whole.

Harris contends that the complaint as a whole fails to state a violation of § 80a-35(b) and therefore moves for dismissal pursuant to Fed. R. Civ. Proc. 12(b)(6).

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993); Perkins v. Silverstein, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. Kyle v. Morton High Sch., 144 F.3d 448, 454-55 (7th Cir. 1998). The plaintiff need not allege all of the facts involved in a claim and can plead conclusions. Higgs v. Carter, 286 F.3d 437, 439 (7th Cir. 2002); Kyle, 144 F.3d at 455. A pleading need only convey enough information that the defendant is able to understand the gravamen of the complaint. Payton v. Rush-Presbyterian-St. Luke's Med. Ctr., 184

F.3d 623, 627 (7th Cir. 1999). However, any conclusions pled must "provide the defendant with at least minimal notice of the claim." Kyle, 144 F.3d at 455. Further, the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the basis" of the claim. Perkins, 939 F.2d at 466-67. With these precepts in mind, we turn our attention to Harris's motion.

## DISCUSSION

Section 36(b) of the Investment Company Act of 1940 ("ICA"), amended in 1970 to increase the protection of investors in mutual funds and to facilitate enforcement of the protections afforded, imposes a fiduciary duty upon advisers of mutual funds with respect to the compensation they receive in return for the services they render to the fund. 15 U.S.C. § 80a-35(b); Green v. Nuveen Advisory Corp., 295 F.3d 738, 742 (7th Cir. 2002). Cases considering the nature of the private right of action created by the statute have concluded that the duty is breached only when the fee imposed is so disproportionately excessive when compared to the services for which it pays that it could not have been achieved through the arm's-length bargaining expected from the fiduciary. See, e.g., Gartenberg v. Merrill Lynch Asset Management, Inc., 694 F.2d 923, 928 (2d Cir. 1982). Not surprisingly, an examination of an alleged violation necessitates that a court take many facts into account, and the

specific facts that will be pertinent, as well as the degree of importance they demand, to a proper determination can vary in different situations. Id. at 929.

Harris attacks the viability of the complaint on several fronts. First, it contends that Plaintiffs' references to practices within the mutual fund industry as a whole are insufficient to support a claim for breach of fiduciary duty. Second, Harris argues that the allegations that are specific to it are legally lacking. Third, it challenges the availability of a claim premised on excess profits retained by Harris. Lastly, Harris asks that we strike the request to rescind the contracts between Harris and the funds or a declaration that they were void at their inception.

Because the second argument Harris advances is the most significant one for purposes of the decision we are asked to make, we consider it first. Contrary to Harris's interpretation, the complaint does not solely advance legal conclusions or contentions devoid of factual content specifically attributable to the relationship between Harris and the funds in which the Plaintiffs invested. The central allegation of the complaint contends that, in 2003, the fund complex paid 43 times more than it had 10 years earlier for identical services from Harris. This allegation is supplemented by the assertion that other clients receive like services at significantly lower rates. In response, Harris suggests that the services received are not identical and advances many reasons why the amount charged is not outrageously disproportionate to the

value of the services rendered, but each of the points they raise are defensive responses, not challenges to the legal viability of the Plaintiffs' core contention. We are in no position based on the allegations of the complaint to determine what services Plaintiffs received from Harris or how much they can fairly be worth. It is not inconceivable that the fees charged, given the exponential increase and different treatment of other clients alleged, were so disproportionate to the value of the services rendered that a violation of § 36(b) would lie. That is enough to withstand a 12(b)(6) challenge. See Green v. Nuveen Advisory Corp., 186 F.R.D. 486, 491 (N.D. Ill. 1999).

Our discussion of the second ground dictates the fate of Harris's first argument. Because the allegations specific to Harris are sufficient to allow Plaintiffs' case to progress beyond the pleading stage, the allegations of practices within the industry as a whole are of no consequence to the consideration of this motion. Whether they are in the complaint or not, Plaintiffs may proceed, so we do not comment on their ability to support a claim were they the sole basis advanced in support of Plaintiffs' claim for relief.

Next, Harris challenges the Plaintiffs' ability to pursue a cause of action based on excess profits as alleged in Count II of the complaint. While Harris is certainly correct that § 80a-35(b) does not explicitly refer to excess profits, the scenario described in the complaint could indicate a setting in which Harris is retaining

unearned fees. In other words, if the money Harris is receiving can be fairly characterized as a fee and it is in essence something for nothing, clearly that would represent an actionably disproportional relationship between the fees paid and the services rendered. See Migdal v. Rowe Price-Fleming Int'l, Inc., 248 F.3d 321, 329 (4th Cir. 2001).[1] Thus, we cannot say that this claim is so devoid of potential merit as to warrant dismissal under Rule 12(b)(6).

Lastly, Harris takes issue with Plaintiffs' request to declare advisory agreements with Harris as void *ab initio* by disputing the availability of relief other than actual damages under the pertinent statutory section. The plain language of the statute refutes Harris's contention that the only remedy to be had is monetary. Subsection (3) clearly states that "no damages or other relief shall be granted against any person other than the recipient of [prohibited] compensation." 15 U.S.C. § 80a-35(3). The inclusion of the phrase "or other relief" establishes that damages are not the sole remedy that can be awarded. The remaining text of the subsection, upon which Harris relies to support its argument, places limitations on damage awards, but it does not indicate that only monetary relief is available. Harris's point regarding the applicability of any statute of limitations period is pertinent to a discussion of affirmative defenses, not to viability

---

[1] It goes without saying that we are not suggesting that retention of the profits at issue actually represent unearned fees, merely that they could.

of the allegations pled solely within the complaint. Thus, we leave that issue for determination another day.

In sum, the factual allegations within the complaint outline the operative facts of a viable claim for breach of fiduciary duty and contains sufficient information to alert Harris to the gravamen of Plaintiffs' complaint.

## CONCLUSION

Based on the foregoing analysis, Harris's motion to dismiss the complaint is denied.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated: APR - 7 2005