1

```
 1                IN THE UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
 2                        EASTERN DIVISION

 3   JERRY JONES, et al.,                ) Docket No. 04 C 8305
                                         )
 4                  Plaintiffs,          )
                                         )
 5              vs.                      )
                                         )
 6   HARRIS ASSOCIATES LP,               ) Chicago, Illinois
                                         ) February 8, 2005
 7                  Defendant.           ) 9:30 o'clock a.m.

 8          TRANSCRIPT OF PROCEEDINGS - STATUS & MOTIONS
             BEFORE THE HONORABLE CHARLES P. KOCORAS
 9
     APPEARANCES:
10
     For the Plaintiffs:    MR. KEVIN M. FLYNN
11                          77 W. Wacker Drive, Suite 4800
                            Chicago, Illinois  60601
12
                            MESSRS. RICHARDSON, PATRICK, WESTBROOK
13                            & BRICKMAN
                            BY:  MR. JAMES C. BRADLEY
14                          174 E. Bay Street, Suite 100
                            Charleston, South Carolina  29401
15
     For the Defendant:     MESSRS. ROPES & GRAY LLP
16                          BY:  MR. JOHN D. DONOVAN
                                 MR. ROBERT A. SKINNER
17                          One International Place
                            Boston, Massachusetts  02110
18
                            MESSRS. DRINKER, BIDDLE, GARDNER
19                            & CARTON
                            BY:  MR. GORDON B. NASH, JR.
20                          191 N. Wacker Drive, Suite 3700
                            Chicago, Illinois  60606
21
     Court Reporter:        MS. JOENE HANHARDT
22                          Official Court Reporter
                            219 S. Dearborn Street, Suite 2524-A
23                          Chicago, Illinois  60604
                            (312) 435-6874
24             * * * * * * * * * * * * * * * * * *
                       PROCEEDINGS RECORDED BY
25                     MECHANICAL STENOGRAPHY
                   TRANSCRIPT PRODUCED BY COMPUTER
```

```
 1              THE CLERK:  04 C 8305, Jones vs. Harris Associates.
 2   Status; motion to dismiss.
 3              MR. FLYNN:  Good morning, your Honor, Kevin Flynn,
 4   local counsel for the plaintiffs.
 5              And with me is Jim Bradley, one of the lead counsel
 6   for the plaintiffs.
 7              THE COURT:  Good morning.
 8              MR. BRADLEY:  Good morning, your Honor.
 9              THE COURT:  Good morning.
10              MR. NASH:  Good morning, Judge, Gordon Nash on behalf
11   of the defendant.
12              I am here with -- I am local counsel and I am here
13   with -- two attorneys from Ropes & Gray, John Donovan and Rob
14   Skinner.  They are both the lead lawyers.
15              THE COURT:  Oh, this is a heavy case that brought out
16   all of the heavy lawyers here.
17              (Laughter.)
18              THE COURT:  What is this case about?
19              MR. DONOVAN:  Your Honor, this is a --
20              THE COURT REPORTER:  Do you want to state your name
21   for the record, please?
22              THE COURT:  Did this just come up from the Western
23   District of Missouri?  Is that the idea?
24              MR. DONOVAN:  It did, your Honor.
25              MR. BRADLEY:  Correct.
```

```
 1            MR. DONOVAN:  John Donovan for Harris Associates.
 2            This is a Section 36(b) case under the Investment
 3  Company Act, your Honor, which makes allegations that excessive
 4  fees were charged by the advisor to several mutual funds.
 5            THE COURT:  Okay.
 6            MR. DONOVAN:  The case was brought in Kansas City and,
 7  then, moved here.
 8            There is a motion to dismiss that is pending, that was
 9  -- we were required to file in Kansas City before the transfer.
10            There are some Seventh Circuit precedents, that we did
11  not cite when we removed to this Circuit, that we would like to
12  bring to your attention, either with a supplemental brief or we
13  can file a new brief, whatever makes sense for you.
14            THE COURT:  Well, probably it would be more convenient
15  for you to just give me one document with all of your
16  authorities in it.
17            MR. DONOVAN:  Fair enough.
18            THE COURT:  So, when can you do that by?
19            MR. DONOVAN:  We can do that in, say, three weeks?
20            THE COURT:  Oh, that would be fine.
21            How much time would you like to respond to that?
22            MR. BRADLEY:  Oh, that is more than enough.
23            MR. FLYNN:  I think 14 days would be fine for us, your
24  Honor, to file it.
25            THE COURT:  Okay.  We will give you two weeks to
```

1  answer.
2       And, then, you will have a week to reply.
3       MR. DONOVAN:  Okay.
4       THE COURT:  Okay?
5       MR. DONOVAN:  Yes.
6       THE COURT:  Steve will give you the hard dates, as
7  well as an in-court ruling date.
8       THE CLERK:  The defendant's brief is due March 1st;
9  the answer, March 15th; the reply, March 22nd.
10      THE COURT:  What do you claim is the legal criteria
11 for assessing the propriety of fees and charges?
12      MR. DONOVAN:  There is one seminal case, your Honor,
13 out of the Second Circuit called Gartenberg.  It says that a
14 complaint must allege that the fees are so disproportionate to
15 the value of services rendered, that they could not have been
16 the product of arms-length bargaining.
17      Our contention is that this complaint does not meet
18 that standard for articulating, essentially, what for you is
19 second-guessing the judgment of trustees.
20      This is a case, your Honor, that has been brought -- I
21 should say that this case started in Kansas City, but it really
22 started three years ago in Southern, Illinois.
23      There are now -- this is a rather --
24      THE COURT:  At least you are keeping it in the
25 Midwest.

```
 1                (Laughter.)
 2          MR. DONOVAN:  There are eleven cases that are the
 3   same, that are now pending.  So --
 4          THE COURT:  Eleven?
 5          MR. DONOVAN:  -- Mr. Bradley and I were in Minnesota
 6   on Friday --
 7          THE COURT:  Oh.
 8          MR. BRADLEY:  Right.
 9          MR. DONOVAN:  -- arguing this very motion on behalf of
10   American Express out there.
11          THE COURT:  What, are you combining the Seventh and
12   Eighth Circuits, so you have got a swath of the country that --
13          (Laughter.)
14          MR. DONOVAN:  We have the First and the Ninth and the
15   Second involved, too, I think.
16          THE COURT:  Oh, you do?
17          MR. DONOVAN:  I think so.
18          THE COURT:  Okay.
19          MR. FLYNN:  We needed the wisdom of the Seventh
20   Circuit, Judge.
21          (Laughter.)
22          THE COURT:  Well, you will get something from the
23   Seventh Circuit, at least from me.
24          I do not know about wisdom, but I will give you the
25   best I can.  Okay?
```

1   MR. BRADLEY: And I do not think Oakmark was filed in
2 that Nelson case. So, this would be the first one.
3   MR. DONOVAN: Oakmark was not.
4   THE COURT: Well, are there cases -- with all of these
5 courts involved -- going both ways on these issues; and, is it
6 amenable to a pleading consideration, as opposed to what the
7 facts are?
8   MR. BRADLEY: No, not in my opinion. It is a typical
9 --
10   THE COURT: A fact question?
11   MR. BRADLEY: It is a motion to dismiss standard. A
12 notice pleading.
13   There is going to be some argument on that point.
14   THE COURT: Well, that is what I am getting at. I
15 mean --
16   MR. DONOVAN: There certainly are cases --
17   THE COURT: -- the heart of it is you have to get into
18 what the actual fees were and what the evidence is about that.
19   MR. DONOVAN: Precisely.
20   But there are a number of cases -- probably the
21 majority of the cases -- that do dismiss Section 36(b) cases on
22 the pleadings. So, the weight of authority is certainly in
23 favor of dismissal.
24   Mr. Bradley is right, there are arguments. And I
25 think the Seventh Circuit's approach to this is particularly

1  important because of the way they look at economic matters and
2  the considerations they look at for the value of those
3  questions.
4       THE COURT: All right. I am quite willing to be
5  educated.
6       Steve, did you give them the dates?
7       THE CLERK: Ruling is April 7th, 9:30.
8       THE COURT: We will see how it plays out.
9       MR. DONOVAN: Thank you, your Honor.
10       MR. NASH: Thank you.
11       Judge, in the interim, you know, typically in these
12  cases I am advised that the parties are familiar with the
13  various discovery exchanges. May we proceed with discovery --
14  with written discovery -- in the case?
15       THE COURT: Well, I mean, normally you would not go
16  ahead until we resolve whether the case properly is in court.
17  So, that would be my guess.
18       And the other, in supporting that concept, is if you
19  had discovery in other cases, I probably would not see any
20  reason why some of that might not be usable in this case, if we
21  should go to that step.
22       But my comfort level is increased by not permitting
23  discovery until we resolve the pleading matters. Okay?
24       MR. FLYNN: That is fine, your Honor.
25       MR. NASH: Thank you.

1    THE COURT: All right.

2    MR. DONOVAN: Thank you, your Honor.

3    MR. BRADLEY: Thank you.

4                    *   *   *   *   *

5  I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

6

7  /s/ Joene Hanhardt                October 12, 2011
   Official Court Reporter

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25